**Parmesh CHAND, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73631.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 8, 2008.

Xin Shao, Attorney at Law, Bruce C. Wong, Duxford Law Group, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Securi-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ty, San Francisco, CA, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Christina Bechak Parascandola, U.S. Department of Justice, Environmental & Natural Resources Div., Washington, DC, for Respondent.

Before: REINHARDT, LEAVY, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Parmesh Chand, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

The record does not compel the conclusion that the harms Chand described rose to the level of persecution, and there is insufficient evidence to establish that he faces a clear probability of persecution if he returns to Fiji. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (denying relief of withholding of removal where the petitioner was arrested, detained for four to six hours, beaten, and private citizens threw stones at his house and attempted to steal · property). Accordingly, we deny

Chand's withholding of removal claim. *See id.* at 340.

Chand failed to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to Fiji. *See Arteaga v. Mukasey,* 511 F.3d 940, 948–49 (9th Cir.2007).

Chand made no substantive arguments in his opening brief regarding the agency's alleged violation of his due process rights, and thus waived that contention. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

